TRINETTE G. KENT (State Bar No. 025180)
3219 E Camelback Rd #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to:
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| William Christopher Collins, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>Regional Acceptance Corporation,<br><br>Defendant. | Civil No.:<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227,** *ET SEQ.*<br><br>**JURY TRIAL DEMANDED** |

For this Class Action Complaint, the Plaintiff, William Christopher Collins, by and through his undersigned counsel, pleading on his own behalf and on behalf of others similarly situated, states as follows:

**JURISDICTION AND VENUE**

1. Plaintiff, William Christopher Collins ("Plaintiff"), brings this class action for damages, injunctive relief, and declaratory relief from the illegal actions of Defendant Regional Acceptance Corporation ("Defendant" or "RAC"). Defendant negligently, knowingly, and/or willfully placed automated and prerecorded calls to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. RAC is an auto finance company that operates an aggressive contact schedule which bombards unsuspecting consumers, with whom it has no relationship, with robocalls and prerecorded messages.

3. Plaintiff is such a consumer. He does not have an automobile loan serviced by RAC or otherwise owe a debt to RAC directly or indirectly, yet has been bombarded with autodialed and pre-recorded calls regarding another individual, made without his consent.

4. Plaintiff seeks relief for himself and all others similarly situated for RAC's unlawful behavior.

**PARTIES, JURISDICTION AND VENUE**

5. Plaintiff is, and at all times mentioned herein was, an adult individual residing in Plano, Texas.

6. Defendant RAC is a North Carolina company.

7. RAC's call center in located at 1700 N. Desert Drive, Tempe, Arizona 85281. RAC employs collectors, managers, and "loan administrator specialists" at its Tempe, Arizona location to call consumers.

8.     Moreover, the calls at issue in this case were placed to Plaintiff by RAC collectors working at RAC's Tempe, Arizona-based call center. The Arizona-based RAC employees used powerful automated dialing technology to call Plaintiff and the class.

9.     This Court has federal question subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Fin. Serv., LLC*, 132 S. Ct. 740, 751-53 (2012).

10.    Venue is proper in this district pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to the claim, including RAC's placing of the illegal phone calls to Plaintiff's cellular telephone, occurred in this district.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

11.    The TCPA regulates, among other things, the use of automated telephone dialing systems ("ATDS").

12.    Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

13.    47 U.S.C. § 227(a)(1) defines an ATDS as equipment having the capacity–

(A)    to store or produce telephone numbers to be called, using a random or sequential number generator; and

(B)    to dial such numbers.

14.    The Ninth Circuit has confirmed that "the statutory definition of ATDS is not limited to devices with the capacity to call numbers produced by a 'random or sequential number generator,' but also includes devices with the capacity to dial stored numbers automatically." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1052 (9th Cir. 2018).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

15.    Defendant has repeatedly placed calls using an ATDS and containing a

prerecorded and/or artificial voice to Plaintiff's cellular telephone (214) XXX-4512.

16. Plaintiff's number was and is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

17. RAC called Plaintiff from, *inter alia,* telephone number (877) 722-7299.

18. RAC has inserted Plaintiff's telephone number in an automated calling campaign to further its efforts to contact a different a person who Plaintiff does not have any relationship with and does not know.

19. RAC has bombarded Plaintiff with multiple daily automated and prerecorded voice calls regarding this other person.

20. When Plaintiff answered calls from RAC, he heard a prerecorded message.

21. The same prerecorded message has been used by the Defendant on multiple occasions.

22. In addition, at all times mentioned herein, RAC called Plaintiff's cellular telephone using an "automatic telephone dialing system" ("autodialer") as defined by 47 U.S.C. § 227(a)(1) and the Ninth Circuit in *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041 (9th Cir. 2018).

23. Specifically, RAC stored Plaintiff's cellular telephone number along with numerous other numbers and then RAC's dialer, on its own, chose Plaintiff's telephone number and dialed it without any human intervention.

24. RAC placed the above-referenced calls via powerful dialing technology from RAC's Tempe, Arizona-based call center.

25. Defendant did not have Plaintiff's prior express consent to place automated calls to Plaintiff on his cellular telephone.

26. Defendant did not have Plaintiff's prior express consent to call Plaintiff using an

artificial or prerecorded voice

## CLASS ACTION ALLEGATIONS

### A. The Class

27. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all others similarly situated.

28. Plaintiff represents, and is a member of, the following two classes:

**Class A**

**All persons within the United States to whom RAC or its agent/s and/or employee/s called said person's cellular telephone through the use of any automatic telephone dialing system within the four years prior to the filing of the Complaint where such person was not a customer of RAC.**

**Class B**

**All persons within the United States to whom RAC or its agent/s and/or employee/s called said person's cellular telephone with an artificial or prerecorded voice within the four years prior to the filing of the Complaint where such person was not a customer of RAC.**

29. Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes, but believes the class members number in the several thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

### B. Numerosity

30. Upon information and belief, Defendant has placed automated and/or prerecorded message calls to cellular telephone numbers belonging to thousands of consumers, without the called party's prior express consent, throughout the United States.  The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

31. The exact number and identities of the Class members are unknown at this time

and can only be ascertained through discovery. Identification of the class members is a matter capable of ministerial determination from Defendant's call records.

C. **Common Questions of Law and Fact**

32. There are questions of law and fact common to the Classes that predominate over any questions affecting only individual Class members. These questions include:

    a. Whether Defendant made calls to Plaintiff and Class members' cellular telephones using an ATDS;

    b. Whether Defendant made calls to Plaintiff and Class members' cellular telephones using an artificial or prerecorded voice;

    c. Whether Defendant can meet its burden of showing it obtained prior express consent to make each call;

    d. Whether Defendant's conduct was knowing willful, and/or negligent;

    e. Whether Defendant is liable for damages, and the amount of such damages; and

    f. Whether Defendant should be enjoined from such conduct in the future.

33. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely places automated and prerecorded calls to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

D. **Typicality**

34. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

E. **Protecting the Interests of the Class Members**

35. Plaintiff will fairly and adequately protect the interests of the Classes and has

retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this action.

### F. Proceeding Via Class Action is Superior and Advisable

36. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecutions of separate claims against RAC is small because it is not economically feasible for Class members to bring individual actions.

37. Management of this class action is unlikely to present any difficulties. Several courts have certified classes in TCPA actions. These cases include, but are not limited to: *Mitchem v. Ill. Collection Serv.*, 271 F.R.D. 617 (N.D. Ill. 2011); *Sadowski v. Med1 Online, LLC*, 2008 WL 2224892 (N.D. Ill., May 27, 2008); *CE Design Ltd. V. Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D. Ill. 2009); *Lo v. Oxnard European Motors, LLC*, 2012 WL 1932283 (S.D. Cal., May 29, 2012)..

**COUNT I**
**Negligent Violations of the Telephone Consumer Protection Act,**
**47 U.S.C. § 227,** *et seq.*

38. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

39. Defendant negligently placed multiple automated and prerecorded/artificial voice calls to cellular numbers belonging to Plaintiff and the other members of the Classes without their prior express consent.

40. Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

41. Plaintiff and the Classes are entitled to an award of $500.00 in statutory damages

for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

42. Additionally, Plaintiff and the Classes are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

43. Plaintiff and the Class are also entitled to and do seek a declaration that:

   a. Defendant violated the TCPA;

   b. Defendant utilized an ATDS to call Plaintiff and the Classes;

   c. Defendant placed artificial and prerecorded voice calls to Plaintiff and the Classes;

   d. Defendant placed automated and artificial and prerecorded voice calls to the Plaintiff and the Classes without prior express consent.

## COUNT II
### Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

44. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

45. Defendant knowingly and/or willfully placed multiple automated and prerecorded/artificial voice calls to cellular numbers belonging to Plaintiff and the other members of the Classes without their prior express consent.

46. Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA.

47. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff and the Class are entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

48. Additionally, Plaintiff and the Classes are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

49. Plaintiff and the Classes are also entitled to and do seek a declaration that:

    e. Defendant knowingly and/or willfully violated the TCPA;

    f. Defendant knowingly and/or willfully used an ATDS to call Plaintiff and the Classes;

    g. Defendant knowingly and/or willfully placed artificial and prerecorded voice calls to Plaintiff and the Classes;

    h. Defendant willfully placed artificial and prerecorded voice calls to non-customers such as Plaintiff and the Classes, knowing it did not have prior express consent to do so; and

    i. It is Defendant's practice and history to place automated and artificial/prerecorded voice calls to non-customers without their prior express consent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant Plaintiff and the Classes the following relief against Defendant as follows:

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;
2. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);
3. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);
4. An award of attorneys' fees and costs to counsel for Plaintiff and the Classes; and
5. Such other relief as the Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED:  March 4, 2019 | Respectfully Submitted, |
| 3 | | By: _/s/   Trinette G. Kent_ |
| 4 | | Trinette G. Kent, Esq. (Bar No. 025180)<br>Lemberg Law, LLC |
| 5 | | Attorney for Plaintiff, Williams Christopher Collins |